IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence Terry, ) | C/A No. 3:20-1404-JFA-PJG |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Richland County School District Two ) | |
| ) | |
| Defendant. ) | |
| ) | |

 Plaintiff Lawrence Terry, a self-represented litigant, filed this civil action pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101, et seq. This matter is before the court on Plaintiff's motion for subpoenas to depose two non-defendant school resource officers. (ECF No. 32.) The defendant filed a response. (ECF No. 33.)

 Discovery in civil cases filed in this court is governed by the Federal Rules of Civil Procedure. These rules are applicable to all litigants including those who are proceeding *pro se*. According to Rule 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Except under certain circumstances in which leave of the court is required, see Fed. R. Civ. P. 30(b)(2), a party may take an oral deposition of another party without leave of the court by serving written notice on the opposing party. See Fed. R. Civ. P. 30. A non-party deponent's attendance may be compelled by subpoena pursuant to Rule 45.

 The court's authorization of a subpoena requested by an *in forma pauperis* plaintiff is subject to limitations, including the relevance of the information sought as well as the burden and expense to a person subject to the subpoena. See Fed. R. Civ. P. 26(b) & 45(c)(1), (d)(1); see also Jackson v. Brinker, No. IP 91-471-C, 1992 WL 404537, at *7 (S.D. Ind. Dec. 21, 1992) (finding

that the court may refuse an indigent party's request to have the United States Marshals Service serve a Rule 45 subpoena that is "frivolous, requests immaterial or unnecessary information, is unduly burdensome, would be reasonably certain to result in the indigent's responsibility for significant compliance costs for which he cannot provide, or is otherwise unreasonable or abusive of the court's process"). The court notes that, although Plaintiff has been granted *in forma pauperis* status pursuant to 28 U.S.C. § 1915(d), such status does not mean that Plaintiff's discovery expenses are underwritten or waived. See Badman v. Stark, 139 F.R.D. 601, 604 (M.D. Pa. 1991) (holding that an indigent plaintiff seeking issuance of a subpoena must simultaneously tender the witness fees and the estimated mileage allowed by law with the service of the subpoena); Tabron v. Grace, 6 F.3d 147, 159 (3d Cir. 1993) ("There is no provision in [28 U.S.C. § 1915] for the payment by the government of the costs of deposition transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant."). While Plaintiff's *in forma pauperis* status may permit service of a subpoena by the United States Marshals Service without prepayment of the cost of service,[1] the court must limit a plaintiff's discovery requests if the discovery sought is "cumulative or duplicative, or can be obtainable from some other source that is more convenient, less burdensome, or less expensive." See Fed. R. Civ. P. 26(b)(2)(C).

Plaintiff is advised that subpoenas for the attendance at a deposition cannot be enforced without proper prepayment of the appropriate witness and mileage fees. See Fed. R. Civ. P.

---

[1] Plaintiff is advised that the cost of service by United States Marshals Service is considered an item of cost which may, at the court's discretion, be included as judgment against Plaintiff at the conclusion of the action pursuant to 28 U.S.C. § 1915(f) if Plaintiff does not prevail. See Flint v. Haynes, 651 F.2d 970, 972-73 (4th Cir. 1981); 28 U.S.C. §§ 1920, 1921(a)(1) (stating that the court may tax as costs fees of the United States Marshals Service, such as the service of subpoenas).

45(b)(1).  Moreover, Plaintiff has not adequately specified how the testimony he seeks to obtain is relevant to his claims as specified in Rule 26(b)(1) of the Federal Rules of Civil Procedure and according to the practice of this district.  Additionally, Plaintiff has not provided the court with proposed subpoenas nor shown that he has arranged for service of his proposed subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure or, in the alternative, provided the court with completed USM-285 forms so that service can be effected by the United States Marshals Service. See 28 U.S.C. § 1915(d); see also Fed. R. Civ. P. 4(c)(3).  Accordingly, Plaintiff's motion is denied with leave to re-file to provide the court with information sufficient to show that he has the necessary resources to conduct the requested depositions and to provide the additional information specified above within fourteen (14) days from the date of this order.[2]

    **IT IS SO ORDERED.**

September 16, 2020                         Paige J. Gossett
Columbia, South Carolina          UNITED STATES MAGISTRATE JUDGE

---

[2] The Clerk of Court is directed to provide Plaintiff with two unsigned AO 88A forms for him to complete and submit as proposed subpoenas for the court's subsequent review.