IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence Terry, <br><br> Plaintiff, <br><br> vs. <br><br> Richland School District Two, <br><br> Defendant. | C/A No. 3:20-cv-1404-JFA-PJG <br><br><br> **ORDER** |

**I.     INTRODUCTION**

In this employment discrimination case, pro se Plaintiff Lawrence Terry ("Plaintiff") sues his former employer Richland County School District Two ("Defendant"), asserting claims of retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; discrimination pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*; and state law claims of negligence, gross negligence, and fraud. All pretrial proceedings in this case, including the instant cross-motions for summary judgment (ECF Nos. 42 & 46), were referred to a Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.).

After reviewing the motions and all responsive briefs, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final

that this court should deny Plaintiff's motion for summary judgment and grant Defendant's motion as to Plaintiff's federal claims. (ECF No. 62). Further, the court should decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this court incorporates those facts and standards without a recitation.

Plaintiff timely filed objections to the Report (ECF No. 66) to which Defendant filed a response. (ECF No. 67). Thus, this matter is ripe for review.

## II.     LEGAL STANDARD

The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1). However, a district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Report of the Magistrate Judge, this court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the court must only review those portions

---

determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

of the Report to which Petitioner has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). The court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (emphasis added) (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47).

The legal standard employed in a motion for summary judgment is well-settled and correctly stated within the Report. Accordingly, that standard is incorporated herein without a recitation.

### III. DISCUSSION

As stated above, the relevant facts and standards of law on this matter are incorporated from the Report. Plaintiff's objections contain numerous vague and conclusory statements that amount to a mere disagreement with the Report and do not qualify as specific objections. However, the Court is able to discern three specific objections and will attempt to address them seriatim.

Initially, Plaintiff avers that the Magistrate Judge erred in concluding that:

> As to his Title VII retaliation claim and fraud claim, Terry also does not respond to the School District's arguments seeking judgment on those claims in his response in opposition to the School District's motion. Consequently, the court concludes that Terry has abandoned his Title VII retaliation claim and fraud claim.

(ECF No. 62, p. 9).

In support of this objection, Plaintiff avers that he did respond to both of these issues with the following arguments:

- "Another employee would not be treated like that and those adverse actions were taken against me because the Defendant was named in a Civil Rights Complaint that I was a part of."

- "The Defendant was angry with the filing of the civil rights complaint against them and retaliated against me. I believe our previous dealings in court played a role in their retaliation efforts too."

- "Based on the being named in the civil rights complaint the Defendant retaliated against me by mishandling my employee grievance process and refusing to respond to my emails sent from my district email."

- "To date I have not received any evidence that an employee wearing a district issued ID needs to get a visitor's sticker, that is fraud. That is not true. That is false and the Defendant has knowledge of that fact."

Although Plaintiff made the above allegations in response to the motion for summary judgment, the court agrees with the Defendants in that these general and conclusory allegations do not constitute specific arguments sufficient to counter Defendant's motion. For example, none of the above statements counter the Defendant's assertion that Plaintiff failed to properly allege he engaged in protected activity based on race, color, religion, sex, or national origin. Thus, even if Plaintiff did respond to the motion for summary judgment and was deemed not to have abandoned his claim for retaliation, the motion for summary judgment would still have been granted for failure to present a genuine issue of material fact as to an essential element of his claim. Thus, Plaintiff's objection as to the dismissal of his Title VII retaliation claim is overruled.

This conclusion applies equally to Plaintiff's fraud claim. Plaintiff's above statements fail to provide proper support in opposition to Defendant's motion for summary judgment. As stated by Defendants in their response to objections, Plaintiff clearly failed to establish several of the nine required elements of fraud. For instance, Plaintiff failed to show reliance on false statements because he always believed the statements regarding the need for a visitor sticker to be false. Thus, Plaintiff failed to adequately respond to the motion for summary judgment and therefore his fraud claim is properly dismissed.

Next, Plaintiff appears to take issue with the Magistrate Judge's conclusion in dismissing the ADA claim wherein she held that:

> To the extent Terry argues he was constructively discharged because he was embarrassed when he was told to obtain a visitor's sticker, no reasonable jury could find on this record that asking him to wear a visitor's sticker resulted in working conditions that became so intolerable that a reasonable person in the employee's position would have felt compelled to resign.

5

(ECF No. 62, p. 11)(internal quotations omitted).

In support of this objection, Plaintiff avers that in addition to embarrassment regarding the visitor's sticker, he was also "approached by the [school resource officers]." (ECF No. 66, p. 2). The record indicates that although school resource officers were contacted after Plaintiff refused to obtain a visitor's sticker, they took no action against Plaintiff, let alone conduct that became objectively intolerable such that Plaintiff would have felt compelled to quit. Thus, this objection is also overruled.

Lastly, Plaintiff states that "I do not agree with the court failing to acknowledge my slander claim as it was properly listed in the caption of my original complaint." (ECF No. 66, p. 3). Plaintiff offers no other support for this objection. A review of the Report indicates that the Magistrate Judge properly informed Plaintiff that his complaint could not be construed to state a claim for slander and invited him to respond early in this litigation. Plaintiff failed to respond or otherwise amend his compliant. Thus, Plaintiff fails to point to any error in the Report which would warrant amendment.

## IV.    CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. (ECF No. 62). Accordingly, the court adopts the Report and Recommendation. Thus, Plaintiff's motion for summary judgment (ECF No. 46) is denied and Defendant's motion for summary judgment (ECF No. 42) is granted as to all of

Plaintiff's federal claims. This court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims for negligence and gross negligence. Therefore, these claims are dismissed without prejudice.[2]

IT IS SO ORDERED.

March 10, 2021  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

---

[2] Because these state law claims are dismissed without prejudice, Plaintiff is free to reassert them within the state court subject to certain time limitations.